**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 119979

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Pamela Rountree,<br><br>Plaintiff,<br><br>v.<br><br>Asset Recovery Solutions, LLC and Bureaus Investment Group Portfolio No. 15, LLC,<br><br>Defendants. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Pamela Rountree ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Asset Recovery Solutions, LLC ("*Asset*") and Bureaus Investment Group Portfolio No. 15, LLC ("*Bureaus*") (collectively "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction exists over the any state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Pamela Rountree is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Asset Recovery Solutions, LLC, is an Illinois Limited Liability Company with a principal place of business in Cook County, Illinois.

9. On information and belief, Defendant Bureaus Investment Group Portfolio No. 15, LLC, is an Illinois Limited Liability Company with a principal place of business in Cook County, Illinois.

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

10. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

11. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

12. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

13. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he

or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

14. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

15. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

16. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## FACTUAL ALLEGATIONS

17. Defendant Asset Recovery Solutions, LLC regularly collects or attempts to collect debts asserted to be owed to others.

18. Defendant Asset Recovery Solutions, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

19. The principal purpose of Defendant Asset Recovery Solutions, LLC 's business is the collection of such debts.

20. Defendant Asset Recovery Solutions, LLC uses the mails in its debt collection business.

21. Defendant Asset Recovery Solutions, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22. Defendant Bureaus Investment Group Portfolio No. 15, LLC is in the business of

3

purchasing consumer debts which are in default and collecting on same.

23. The principal purpose of Defendant Bureaus Investment Group Portfolio No. 15, LLC's business is the collection of such debts.

24. Defendant Bureaus Investment Group Portfolio No. 15, LLC is not the original creditor of any loan to Plaintiff.

25. On information and belief, based upon the representation contained in the collection letter more fully described *infra.,* the original creditor for the loan at issue was "Comenity Bank".

26. Defendant Bureaus Investment Group Portfolio No. 15, LLC uses the mails in its debt collection business.

27. On information and belief, Defendant Bureaus Investment Group Portfolio No. 15, LLC hired Defendant Asset Recovery Solutions, LLC to collect the alleged Debt.

28. Defendant Bureaus Investment Group Portfolio No. 15, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29. Defendant Bureaus Investment Group Portfolio No. 15, LLC is liable for its own actions, and is additionally liable for the actions of its agent, Asset Recovery Solutions, LLC.

30. Defendants allege Plaintiff owes a debt (the "alleged Debt").

31. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

32. The alleged Debt does not arise from any business enterprise of Plaintiff.

33. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

34. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

35. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

36. In their efforts to collect the alleged Debt, Defendant contacted Plaintiff by calls to Plaintiff's telephone.

37. In their efforts to collect the alleged Debt, Defendants contacted Plaintiff by letters including the letter dated July 22, 2020 (the "Letter"). (A true and accurate copy of the Letter is annexed hereto as Exhibit 1).

38. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

39. The Letter conveyed information regarding the alleged Debt.

40. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

41. The Letter was received and read by Plaintiff.

42. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

43. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

44. Plaintiff's injury is "particularized" and "actual" in that the letter that caused the injury was addressed and sent to Plaintiff specifically.

45. Plaintiff's injury is directly traceable to Defendants' conduct, because Defendants sent the Letter.

46. A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

47. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

48. Plaintiff has been misled by Defendants' actions.

49. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Debt.

50. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause her unwarranted economic harm.

51. As a result of Defendants' conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

52. As a result of Defendants' conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

53. Upon information and belief, Plaintiff can prove that all actions taken by Defendants as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

## FIRST COUNT

54. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

55. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

56. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

57. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

58. A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

59. The Letter claims that Plaintiff owed $1,175.63 (the "Claimed Amount").

60. Plaintiff did not owe the Claimed Amount.

61. In fact, Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

62. Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

63. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

64. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

65. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

66. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false, deceptive and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

67. Defendants' allegation that Plaintiff owed the Claimed Amount, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false, deceptive, and misleading representation made by Defendants in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

68. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

**SECOND COUNT**

69. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

70. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

71. As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

72. To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

73. A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

74. The Letter claims the name of the creditor to whom the alleged Debt is owed is Bureaus Investment Group Portfolio No. 15, LLC (the "Putative Creditor").

75. Plaintiff did not owe the alleged Debt to the Putative Creditor.

76. The Putative Creditor never offered to extend credit to Plaintiff.

77. The Putative Creditor never extended credit to Plaintiff.

78. Plaintiff was never involved in any transaction with the Putative Creditor

79. Plaintiff never entered into any contract with the Putative Creditor

80. Plaintiff never did any business with the Putative Creditor.

81. Plaintiff was never indebted to the Putative Creditor

82. The Putative Creditor is a stranger to Plaintiff.

83. Defendants' statement that the Putative Creditor is "the name of the creditor to whom the debt is owed," when the Putative Creditor is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

84. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

85. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

86. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

87. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false, deceptive, and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

88. Defendant's allegation that Plaintiff owed a debt to the Putative Creditor, when Plaintiff did not owe a debt to the Putative Creditor, is a false, deceptive and misleading representation made by Defendants in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

89. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

**THIRD COUNT**

90. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

91. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

92. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

Barshay Sanders PLLC

93. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

94. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

95. The Letter claims that Plaintiff owes a debt to Bureaus Investment Group Portfolio No. 15, LLC, on account of a debt that purportedly originated with an entity identified as "Comenity Bank"

96. Plaintiff was never advised by Comenity Bank that any debt allegedly owed by her was being sold to Bureaus Investment Group Portfolio No. 15, LLC.

97. Plaintiff was never advised by Comenity Bank that any debt allegedly owed by her was being assigned to Bureaus Investment Group Portfolio No. 15, LLC.

98. Plaintiff was never advised by Comenity Bank that any debt allegedly owed by her was being transferred to Bureaus Investment Group Portfolio No. 15, LLC.

99. Plaintiff was never advised by Bureaus Investment Group Portfolio No. 15, LLC that it had purportedly purchased any debt allegedly owed by her to Comenity Bank.

100. Plaintiff was never advised by Bureaus Investment Group Portfolio No. 15, LLC that it had purportedly acquired any debt allegedly owed by her to Comenity Bank.

101. Plaintiff was never advised by Bureaus Investment Group Portfolio No. 15, LLC that it had purportedly been assgined any debt allegedly owed by her to Comenity Bank.

102. Bureaus Investment Group Portfolio No. 15, LLC is a stranger to Plaintiff.

103. Upon information and belief, Bureaus Investment Group Portfolio No. 15, LLC holds no legally cognizable right, title or interest in any debt Plaintiff allegedly owed to Comenity Bank.

104. Defendants' allegation that Plaintiff owed a debt to Bureaus Investment Group Portfolio No. 15, LLC, when Plaintiff did not owe a debt to Bureaus Investment Group Portfolio No. 15, LLC, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

105. Defendants' allegation that Plaintiff owed a debt to Bureaus Investment Group Portfolio No. 15, LLC, when Plaintiff did not owe a debt to Bureaus Investment Group Portfolio

No. 15, LLC, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

106. Defendants' allegation that Plaintiff owed a debt to Bureaus Investment Group Portfolio No. 15, LLC, when Plaintiff did not owe a debt to Bureaus Investment Group Portfolio No. 15, LLC, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

107. Defendants' allegation that Plaintiff owed a debt to Bureaus Investment Group Portfolio No. 15, LLC, when Plaintiff did not owe a debt to Bureaus Investment Group Portfolio No. 15, LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

108. Defendants' allegation that Plaintiff owed a debt to Bureaus Investment Group Portfolio No. 15, LLC, when Plaintiff did not owe a debt to Bureaus Investment Group Portfolio No. 15, LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

109. Defendants' allegation that Plaintiff owed a debt to Bureaus Investment Group Portfolio No. 15, LLC, when Plaintiff did not owe a debt to Bureaus Investment Group Portfolio No. 15, LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

110. Defendants' allegation that Plaintiff owed a debt to Bureaus Investment Group Portfolio No. 15, LLC, when Plaintiff did not owe a debt to Bureaus Investment Group Portfolio No. 15, LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

111. Defendants' allegation that Plaintiff owed a debt to Bureaus Investment Group Portfolio No. 15, LLC, when Plaintiff did not owe a debt to Bureaus Investment Group Portfolio No. 15, LLC, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

112. Defendants' demand that Plaintiff make payment for a debt that he does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

113. Defendants' request that Plaintiff make payment for a debt that he does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

114. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## JURY DEMAND

115. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment be entered as follows:

    a. Finding Defendant's actions violate the FDCPA; and

    b. Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and

    c. Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and

    d. Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: February 25, 2021

**BARSHAY SANDERS, PLLC**

By: */s Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Email: csanders@barshaysanders.com
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 119979