UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PAMELA ROUNTREE,

                Plaintiff,

      v.

ASSET RECOVERY SOLUTIONS, LLC and
BUREAUS INVESTMENT GROUP PORTFOLIO
NO. 15, LLC,

                Defendants.

**MEMORANDUM AND ORDER**

21-CV-1046 (LDH)(SJB)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

    Pamela Rountree ("Plaintiff") brought the instant action against Asset Recovery Solutions, LLC and Bureaus Investment Group Portfolio No. 15, LLC ("BIG 15") (collectively, "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (Compl., ECF No. 1.)  Defendants move pursuant to 28 U.S.C. § 1615 for an injunction preventing Plaintiff's counsel from filing, without leave of court, suits in any federal court on the same legal theory advanced in the instant action.  (*See* Defs.' Mot. for Inj., ECF No. 25; Defs.' Proposed Inj. Order ("Proposed Order"), ECF No. 25-1.)

## BACKGROUND

    Plaintiff filed a complaint on February 26, 2021, alleging that Defendants sent her a debt collection letter (the "Letter"), on July 22, 2020, that was false, deceptive, and misleading in violation of the FDCPA.  (Compl. ¶¶ 37, 62–68, 84–89, 104–14.)  The Letter was part of Defendants' efforts to collect $1,175.63 in debt allegedly incurred by Plaintiff.  (*Id.* ¶¶ 37, 39. 59.)  According to the Complaint, Plaintiff incurred this debt with Comenity Bank, and the debt

was subsequently assigned or otherwise transferred to BIG 15 for collection.[1] (*Id.* ¶¶ 25–29, 34, 95.) Plaintiff alleged that because the debt originated with Comenity Bank, Plaintiff was never indebted to BIG 15. (*Id.* ¶¶ 25, 61, 67, 74–77, 81, 95, 102–03.) In support of her argument, Plaintiff made several representations, including that BIG 15 is a "stranger" to Plaintiff and that she was never advised that Comenity Bank sold the alleged debt to BIG 15. (*Id.* ¶¶ 74–82, 95–102.) Plaintiff complained that, for these reasons, the Letter was false, deceptive, and misleading insofar as it states that Plaintiff owes the debt to BIG 15. (*Id.* ¶¶ 62, 67, 71–89, 103–14.)

Defendants filed an answer to the complaint on April 23, 2021, attaching as exhibits a letter mailed to Plaintiff regarding the sale of the debt by Comenity Bank to BIG 15 and documentation of such sale. (*See* Answer, ECF No. 12; *id.*, Ex. A (Sale Documentation), ECF No. 12-1; *id.*, Ex. B (July 16, 2020 Letter to Plf.), ECF No. 12-2.) On July 12, 2021, Defendants filed a pre-motion letter on an anticipated motion for judgment on the pleadings, attaching as an exhibit an August 2020 form Plaintiff filed in her Chapter 7 bankruptcy proceeding, which lists BIG 15 as a nonpriority creditor of Plaintiff. (*See* Defs.' Pre-Motion Letter, ECF No. 18; *id.*, Ex. A at 18, ECF No. 18-1.) Shortly thereafter, on July 19, 2021, Plaintiff filed a letter indicating that Plaintiff had presented Defendants with a proposed stipulation of dismissal and alternatively requesting an order dismissing the case. (*See* Pl.'s Letter Resp., ECF No. 24.) The instant motion followed.

---

[1] Although Plaintiff alleges that the debt was assigned or otherwise transferred to Defendants for collection, Plaintiff also alleges that Asset Recovery Solutions, LLC is merely an agent of BIG 15, hired to collect the alleged debt. (Compl. ¶¶ 27–29.) Furthermore, the debt collection letter attached to the complaint clearly states that BIG 15 purchased the account from Comenity and lists BIG 15, but not Asset Recovery Solutions, as the current creditor. (Compl., Ex. A, ECF No. 1-1.)

# DISCUSSION

"A district court may, in its discretion, impose a filing injunction if confronted with 'extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation . . . or a failure to comply with sanctions imposed for such conduct.'" *In re Neroni*, 639 F. App'x 9, 10 (2d Cir. 2015) (quoting *Milltex Indus. Corp. v. Jacquard Lace Co., Ltd.*, 55 F.3d 34, 39 (2d Cir. 1995)). Here, Defendants seek, *inter alia*, to require Plaintiff's counsel,

> [t]he law firm of Barshay Sanders PLLC (n/k/a The Sanders Law Group), along with its shareholders, members, partners, and employees, as well as all persons in active concert or participation with any of the foregoing persons or entities, and specifically including David Barshay . . . [to obtain leave of court prior to filing any FDCPA claim] that a debt-collection correspondence contains one or more false, deceptive, or misleading statements or representations.

(Proposed Order ¶ 1; *see also* Defs.' Mem. L. Supp. Mot. Inj. ("Defs.' Mem."), ECF No. 26.)

A district court should consider the following factors in determining whether to restrict a litigant's future access to the courts:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

The Court is not persuaded that a pre-filing injunction is appropriate here. Contrary to Defendants' contention, the first, second, and fourth factors do not weigh in favor of a pre-filing injunction. Defendants have not demonstrated that Plaintiff's counsel has a history of

3

duplicative, vexatious, frivolous, or harassing filings. Defendants argue that Plaintiff's counsel should be subject to a pre-filing injunction because they repeatedly advanced a legal theory that some courts in this district have found to be without merit—namely, that a plaintiff cannot owe a debt to a creditor with which the plaintiff is unfamiliar. (Defs.' Mem. at 2, 9–12.) Although Defendants point to "over 80 cases" in which Plaintiff's counsel purportedly asserted claims on behalf of other plaintiffs that are similar to the claims asserted here (*id.* at 1), all but three of those actions were filed prior to the March 31, 2021 decision in *Johnson v. Cawley & Bergmann, LLC*, No. 20-cv-00380, slip. op. at 5–10 (E.D.N.Y. Mar. 31, 2021), which is the earliest decision in this circuit that Defendants identify as rejecting the same legal theory Plaintiff asserts here.[2] (Defs.' Mem. at 10–12; *see also* Decl. of Matthew Kramer ("Kramer Decl."), Ex. A (FDCPA Compls. Chart), ECF No. 27-1.) Since *Johnson*, other courts in this district have rejected claims asserted under that same legal theory. *See, e.g.*, Apr. 8, 2021 Hr'g Tr. at 13:16–22, *Baumohl v. Frontline Asset Strategies, LLC*, No. 21-cv-01037, ECF No. 13; *Rosenberg v. Frontline Asset Strategies, LLC*, No. 21-cv-0175, --- F. Supp. 3d ----, 2021 WL 3617672, at *6 (E.D.N.Y. Aug. 16, 2021). However, as Judge Cogan noted in one of those cases:

> [plaintiff's arguments] are not frivolous; they are just not meritorious. District court decisions are not controlling authority and plaintiffs' counsel has therefore not violated any ethical rule . . . precluding them from reasserting the same arguments.

*Rosenberg*, 2021 WL 3617672, at *6. Such is the case here.

---

[2] In *Johnson v. Cawley & Bergmann, LLC*, the court rejected, on a motion for judgment on the pleadings, the same claims Plaintiff asserts here—namely alleged violations of 15 U.S.C. §§ 1692g and 1692e based on the theory that a plaintiff cannot owe a debt to a defendant the plaintiff does not recognize. No. 20-cv-00380, slip. op. at 5–10 (E.D.N.Y. Mar. 31, 2021).

Defendants have failed to demonstrate that Plaintiff's counsel's repeated assertion of this legal theory has caused needless expense to other parties or posed an unnecessary burden on the courts and their personnel. While the Court generally appreciates litigants' mindfulness of the need to preserve judicial resources, the filing of the instant motion runs counter to such considerations.

The third factor, whether the litigant is represented by counsel, does not support the injunction Defendants seek. Here, Plaintiff is represented by counsel, but Defendants do not seek an injunction against Plaintiff. Rather, Defendants seek to enjoin an entire law firm from asserting a broad range of FDCPA claims on behalf of any client, a sweeping sanction for which Defendants have not identified any precedent. Pre-filing injunctions are generally imposed against individual litigants who file the same suits over and over again on their own behalf. Defendants have pointed to only one instance of a pre-filing injunction against a plaintiff's attorney, and that case is readily distinguishable from the instant action. In *Lipin v. National Union Fire Insurance Company of Pittsburgh, Pennsylvania*, the court permanently enjoined plaintiff and her counsel from litigating further any claims relating to specific events already litigated or to any alleged attempts to unlawfully prevent plaintiff from litigating claims relating to those events. 202 F. Supp. 2d 126, 142 (S.D.N.Y. 2002). The plaintiff in that case filed four separate actions asserting essentially the same claims based on the same factual allegations. *Id.* at 130–31. After dismissing the plaintiff's first action, the district court dismissed her second and third actions, holding that the disposition of the first action barred further litigation of the underlying claims. *Id.* The plaintiff then filed a fourth action asserting the claims raised and

5

dismissed in the first three actions. *Id.* She was represented by the same counsel in each action.[3] *Id.* at 142. The injunction in *Lipin*, although imposed against plaintiff and counsel, was limited to claims based on the factual allegations in plaintiff's previous cases—unlike the injunction sought here. *Id.* Defendants' failure to point to precedent for the type of remedy they seek is not surprising. There is a significant difference between a narrowly tailored pre-filing injunction against an individual litigant and enjoining a law firm from filing cases on behalf of clients where it alleges, even in part, "that the debt-collection correspondence at issue contains one or more false, deceptive, or misleading statements or representations." (Proposed Order ¶ 1(A)(ii).) This factor does not support the imposition of an injunction.

Moreover, the fifth factor—whether other sanctions would be adequate to protect the courts and other parties—weighs overwhelmingly against the imposition of a pre-filing injunction. Defendants have not demonstrated that Plaintiff's counsel failed to comply with any other sanctions such that a pre-filing injunction is the sole means of deterring Plaintiff's counsel from filing new suits under the complained-of legal theory. Indeed, Defendants have not identified any sanctions imposed against Plaintiff's counsel with which Plaintiff's counsel could have failed to comply. (*See* Defs.' Mem. at 9–15.) Although Plaintiff's counsel was warned by Judge Cogan in his August 16, 2021 decision in *Rosenberg* that continued filing of the same meritless actions could result in sanctions, Defendants have not identified any new cases brought by Plaintiff's counsel since the *Rosenberg* decision. Defendants have pointed to no warning or sanction other than Judge Cogan's single admonition to Plaintiff's counsel, which post-dates

---

[3] The plaintiff's counsel was suspended from the practice of law in the State of New York for two years over the course of these various proceedings. *Lipin*, 202 F. Supp. 2d at 130 n.2.

6

both the filing of the instant action and Plaintiff's offer to dismiss this case.  (Defs.' Reply at 1 n.1 ("Defs.' Reply"), ECF No. 31.)  Indeed, despite filing their opening brief and reply brief in July and August 2021, respectively, Defendants have not identified any complaint filed by Plaintiff's counsel more recently than April 20, 2021.  (*See* Kramer Decl., Ex. A (FDCPA Compls. Chart).)  The absence of any recently filed complaint suggests that a pre-filing injunction is not necessary to stem Plaintiff's counsel's future filing of such cases.  If such a case is or has been filed, Defendants may pursue sanctions in that action.  Here, the factors do not support a finding that an injunction is warranted.

      Nevertheless, Defendants attempt to persuade the Court that three out-of-circuit district court cases arising in the context of the Americans with Disabilities Act ("ADA") would somehow compel the Court to find otherwise.  In all three cases on which Defendants rely, an injunction was imposed against Peter Strojnik, a serial filer of ADA complaints, who had previously filed numerous cases as an attorney for others and on his own behalf.  *See Strojnik v. Driftwood Hosp. Mgmt. LLC*, No. 20-cv-01532, 2021 WL 50456 (D. Ariz. Jan. 6, 2021), *order amended on reconsideration*, 2021 WL 2454049 (D. Ariz. June 16, 2021); *Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-03983, 2020 WL 2838814 (N.D. Cal. June 1, 2020); *Strojnik v. SCG Am. Constr. Inc.*, No. 19-cv-1560, 2020 WL 4258814 (C.D. Cal. Apr. 19, 2020).  In all three cases, the court relied on multiple factors in finding that such filing injunctions were appropriate. Among the factors that drove the courts were: (i) Strojnik's history of "directly ignoring court orders," *SCG Am. Constr. Inc.*, 2020 WL 4258814, at *8; (ii) Strojnik's routine coercive settlement attempts in which he requested thousands of dollars in exchange for a promise that he would not visit the premises that were the subject of his ADA claims, *Driftwood Hosp. Mgmt.*

*LLC*, 2021 WL 50456, at *10; and (iii) "Strojnik's intransigence in changing his pleadings practices" despite multiple warnings and admonishments from various courts over the years, *IA Lodging Napa First LLC*, 2020 WL 2838814, at *11.  Such factors are not present here.  Furthermore, Defendants argue that, like Strojnik, Plaintiff's counsel has a history of filing harassing and vexatious lawsuits because it has filed numerous complaints without any factual basis.  (Defs.' Mem. at 20–21.)  Yet Defendants have refuted the factual basis of only a single complaint filed by Plaintiff's counsel—that filed in the instant action.  (*Id.* at 7–8.)  Defendants also contend that Plaintiff's counsel's malicious or vexatious intent may be inferred from the fact that numerous complaints were filed but then resolved or dismissed prior to reaching the merits.  (Defs.' Mem. at 20–21.)  The Court draws no such inference.  The volume of cases resolved before reaching the merits was merely one factor supporting the *Strojnik* courts' conclusions that the plaintiff's conduct was malicious, harassing, or vexatious.  *See, e.g.*, *Driftwood Hosp. Mgmt. LLC*, 2021 WL 50456, at *9–10.  That a large number of cases may have been resolved before reaching the merits does not, by itself, compel an inference that Plaintiff's counsel filed the instant action with malicious or vexatious intent.

Moreover, Strojnik was on notice from multiple courts in every federal district in California that his pleading practices were inadequate, "repeatedly admonished" from as early as 2017 for his failure to allege Article III standing in ADA cases on behalf of clients, and warned of the same deficiencies in his *pro se* complaints from as early as 2019.  *IA Lodging Napa First LLC*, 2020 WL 2838814, at *10–12.  Plaintiff's counsel has received only one such warning or admonishment.  In contemplating the *Rosenberg* defendants' motion for sanctions under 28

8

U.S.C. § 1927,[4] Judge Cogan warned Plaintiff's counsel that it should exercise caution in future and even pending cases, and that "a point in time may come . . . when making the same losing arguments over and over again constitutes the kind of vexatious litigation that § 1927 and the inherent power of the Court are designed to prevent." *Rosenberg*, 2021 WL 3617672, at *7. As discussed, *supra*, Plaintiff's counsel has filed only three cases of which the Court is aware since the *Johnson* case was dismissed and has not filed any since well before Judge Cogan's August 2021 warning—a far cry from the conduct Defendants point to in the *Strojnik* cases.

Finally, even if a pre-filing injunction was appropriate here, Defendants' proposed injunction is overbroad. *See Safir*, 792 F.2d at 25 (injunction precluding a litigant from "instituting any action whatsoever" is "overly broad"). As requested, the proposed injunction would preclude Plaintiff's counsel from filing any lawsuit on behalf of any client alleging any violation of 15 U.S.C. §§ 1692e or 1692g. Defendants have provided neither a reasonable basis nor precedent for imposing such a broad and restrictive injunction. Defendants suggest that if the Court finds Defendants' proposed injunction to be overly broad, the Court can request an amended proposed order or craft a more appropriate injunction. (Defs.' Reply at 4.) The Court will do neither.

The Court declines to impose a pre-filing injunction.

---

[4] Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

## CONCLUSION

For the foregoing reasons, Defendants' motion for a pre-filing injunction is DENIED.

Pursuant to the parties' October 8, 2021 stipulation,[5] this case is dismissed with prejudice.

                                                    SO ORDERED.

Dated: Brooklyn, New York                /s/ LDH
       January 11, 2022                    LaSHANN DeARCY HALL
                                               United States District Judge

---

[5] On October 8, 2021, the parties filed a stipulation dismissing the case and providing that the Court will retain jurisdiction over the instant motion. (*See* Stipulation, ECF No. 37.)